IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

LOIS KING,

    Petitioner,

v.             CIVIL ACTION NO. 6:07-cv-00447
               (Criminal No. 6:04-cr-00127-08)

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

   Pending before the court is the petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence [Docket 546].[1] This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge has submitted findings of fact and recommended that the court deny the petitioner's § 2255 motion.

   The petitioner timely filed a response to the magistrate judge's findings of fact and recommendation ("PF&R"), which appears to contain one objection. Having reviewed the petitioner's objection *de novo*, the court **FINDS** that it is without merit. Accordingly, the court **ADOPTS** and incorporates herein the findings and recommendation of the magistrate judge, and for the reasons stated below, **DENIES** the petitioner's § 2255 motion.

---

[1] The petitioner has also filed a motion for modification of sentence pursuant to 18 U.S.C. § 3582 [Docket 578, 584]. Because she has stated that "there is no reason to continue [this motion], being that I have already been released from prison," (Pet'r Resp. [Docket 622]), the court **DENIES** her motion for modification of sentence as moot.

**I.     Background**

In December 2004, petitioner Lois King was convicted by a jury for conspiring with her son, Kirt King, to launder money, in violation of 18 U.S.C. § 1956(h).  She was sentenced on April 25, 2005, to 41 months in prison, a term which she has completed.  She is currently serving a three-year term of supervised release.[2]  After her conviction, the petitioner appealed to the Court of Appeals for the Fourth Circuit, where she challenged only her sentence and the effectiveness of her counsel.  Her appeal was unsuccessful.  The Fourth Circuit's opinion provides some background as to the evidence introduced against the petitioner at trial:

> With respect to Lois King, the Government alleges that they found 116.5 grams of cocaine in Kirt King's residence, worth $26,000, and that Lois King, Kirt King's mother, owned the residence.  Mario Mason testified that Kirt King would give large amounts of cash to [Lois] King, and that he and Kirt King used the residence to store and prepare for resale cocaine they had purchased from sources in Columbus, Ohio.  He further testified that [Lois] King was in the residence during the time he and Kirt King used it to process cocaine.  Mason attested that [Lois] King was involved in taking the drug money she received from her son and putting it in assets, such as houses and cars.  The Government presented additional evidence that [Lois] King acquired and paid the land contract on one residence with a lump sum payment of $14,850 in cash, and that another property was purchased for $21,000, deeded, and being paid for by [Lois] King, despite her lack of financial resources (as reported in her income tax records).

*United States v. King*, 199 F. App'x 250, 252 (4th Cir. 2006).

The petitioner now moves this court to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  She raises eleven grounds for relief, set forth as follows in her petition:

(1) Constructive amendment of the indictment and ineffective assistance of counsel:  The government and the court constructively amended the indictment by removing an essential element of the offense returned by the grand jury.  In addition, the petitioner's counsel failed to challenge this due process violation.

---

[2]A prisoner on supervised release is considered to be "in custody" for purposes of a § 2255 habeas motion.  *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

(2) Ineffective assistance of counsel, due to counsel's failure to challenge the willful blindness jury instruction: The government and the Court improperly gave a "willful blindness" instruction which removed an essential element of the offense and reduced the government's burden of proof; Petitioner's counsel, however, failed to challenge this improper instruction and amendment.

(3) Ineffective assistance of counsel, due to counsel's failure to challenge the sufficiency of the evidence on appeal: The evidence was insufficient to sustain Petitioner's conviction; Petitioner's counsel, however, failed to raise this issue on appeal.

(4) Ineffective assistance of counsel, due to counsel's failure to properly argue Petitioner's motion to sever trials: Counsel filed a motion to sever Petitioner's trial. However, counsel failed to properly argue the spill-over effect and the need for Petitioner's co-defendant to testify, even though counsel was asked to do so.

(5) Prosecutorial misconduct and ineffective assistance of counsel: The government committed prosecutorial misconduct by prosecuting Petitioner solely because Kirt King refused to enter a plea agreement with the government; Petitioner's counsel knew of this misconduct but failed to bring it to the attention of the Court.

(6) Denial of Petitioner's right to testify and ineffective assistance of counsel: Petitioner's counsel would not allow her to testify even though she repeatedly requested she be allowed to do so. In fact, counsel threatened to quit unless Petitioner followed his instructions to not testify.

(7) Ineffective assistance of counsel, due to counsel's failure to investigate, interview, present evidence, and call witnesses prior to and during trial: Petitioner had evidence of her innocence and asked counsel to interview persons that would authenticate her evidence and to call those persons as witnesses; Petitioner's counsel, however, failed to do so even though this evidence and testimony would have resulted in Petitioner's acquittal.

(8) Actual innocence: As seen by the evidence (Exhibits 2-18) presented in Ground Seven, Petitioner is actually and factually innocent of Count Sixteen.

(9) *Brady* violation by the government, and ineffective assistance of counsel, due to counsel's failure to challenge the *Brady* violation: The government seized all of Petitioner's financial records during the June, 2004 search of her home. However, Petitioner's records for the years 1999 and 2000 were apparently lost by the government, according to Petitioner's counsel. Counsel, however, failed to make this known to the Court.

   (10) Violation of Petitioner's due process rights due to counsel's failure to file for a petition of certiorari to the Supreme Court, or to notify Petitioner that he was not going to file: Petitioner asked counsel to file a petition for writ of certiorari to the Supreme Court. Counsel, however, failed to file and failed to notify Petitioner (or the Fourth Circuit) that he was not going to file, thereby preventing Petitioner from filing on her own.

   (11) Sentence imposed in violation of Petitioner's Fifth and Sixth Amendment rights/ineffective assistance: Petitioner's sentence was enhanced based on facts not included in the indictment, submitted to the jury, or admitted by Petitioner, thereby violating her 5th and 6th Amendment rights under *Blakely*, *Booker*, and *Cunningham*. Petitioner's counsel, however, failed to raise this challenge at the district level or on appeal.

(Mot. Vacate, Set Aside, Correct Sentence 4-5, 7-8 [Docket 546]). The magistrate judge proposed that we reject each of the petitioner's arguments and deny the § 2255 motion.

## II. Discussion

  Although not entirely clear, the petitioner's objection appears to address only the magistrate's finding that the evidence was sufficient to sustain her conviction. She states, "The Magistrate judge['s] propose[d] finding assert[s] that her cash pay-off of the land contract on the 37th St.[] property . . . alone is sufficient to support defendant's conviction for money laundering. This finding conflicts with this Circuit['s] case authority." (Resp. Opp'n Proposed Finding and Recommendation 1-2 [Docket 632]). First, she claims that 18 U.S.C. § 1956 requires "concrete evidence of intent to disguise or conceal [alleged money laundering] transactions . . ." (*id*. at 2), but the government did not produce such evidence. Second, the petitioner cites a Supreme Court case holding that the term "proceeds" in § 1956 applies only to criminal profits, not receipts. (*Id*. at 2-3 (citing *United States v. Santos*, ___ U.S. ___, 128 S. Ct. 2020 (2008)). She asserts that "[t]he government presented no evidence that defendant used 'profits' of her son's alleged drug operation

nor did they prove the necessary element of concealment and therefore defendant['s] conviction should be vacated." (*Id*. at 3.)

On the first point, it is well established that "nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 478 n.10; *see also Sunal v. Large*, 332 U.S. 174, 178 (1947) ("[T]he general rule is that the writ of *habeas corpus* will not be allowed to do service for an appeal."). The petitioner did not raise her sufficiency argument on appeal, and thus, we are constrained not to consider it here. And although her petition challenges her counsel's failure to raise this argument on appeal, she did not object to the magistrate judge's finding that her counsel was not ineffective.

On the second point, the petitioner failed to raise the legal issue of the definition of "proceeds" in her § 2255 petition, and the magistrate did not address it in the PF&R. Moreover, there is no evidence in the record that the petitioner attempted to amend her petition to raise this issue. Under these circumstances, we decline to address it here. Furthermore, even if *Santos* would have some bearing on the issues presented at the petitioner's trial, *Santos* was decided after the petitioner's trial and direct appeal were completed. Therefore, it would have had no effect on the evidence the government was required to prove at trial.

As to the other findings to which the petitioner does not object, including those relating to the numerous ineffective assistance of counsel claims, this court does not find clear error on the face of the record.[3]

---

[3] I note one small exception: it appears that the magistrate judge inadvertently left out a word in her finding regarding Ground Nine, the alleged *Brady* violation (*see* Proposed Findings and Recommendation 28). The magistrate judge proposed that I find "that [petitioner] was denied effective assistance of counsel" with respect to the *Brady* violation, but the context and reasoning
(continued...)

### III. Conclusion

For the reasons states above, the court **ADOPTS** and incorporates herein the findings and recommendation of the magistrate judge, and **DENIES** the petitioner's § 2255 motion [Docket 546]. The court also **DENIES** as moot the motion for modification of sentence pursuant to 18 U.S.C. § 3582 [Docket 578, 584]. The court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: October 5, 2009

Joseph R. Goodwin, Chief Judge

---

[3](...continued)
of this statement shows that the magistrate actually proposed that I find that the petitioner "was *not* denied effective assistance of counsel." In any event, I find the latter: that the petitioner was not denied effective assistance of counsel with regard to the alleged *Brady* violation.